UNITED STATES of America, Plaintiff,

v.

1.678 ACRES OF LAND, MORE OR LESS IN MECKLENBURG COUNTY, NORTH CAROLINA, et al., Defendants.

No. C–C–86–391–P.

United States District Court, W.D. North Carolina.

April 27, 1988.

Charles E. Lyons, Asst. U.S. Atty., Charlotte, N.C., for plaintiff.

Harold P. Robinson, York, S.C., for defendants.

## MEMORANDUM OF DECISION

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on claimant's Motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A hearing was held before the undersigned at Charlotte, North Carolina on April 25, 1988. The Government was represented by Charles E. Lyons, Assistant United States Attorney. The claimant, Harold P. Robinson, represented himself.

The Government called 12 witnesses. Defendant did not call any witnesses. Based on the testimony of the Government's witnesses, the Court makes the following findings of fact:

### FINDINGS OF FACT

(1) On November 8, 1985, Michael Aaron Little contracted to purchase a lot and a modular home located thereon in a development known as Clear Creek Estates, which is located in Charlotte, North Carolina, from A.B.S. Modular Homes and Land Sales, Inc. (hereinafter A.B.S.) for $57,500.00. (Government's Exhibit 1).

(2) During November, 1985, several cash payments in amounts ranging from $5,000.00 to $8,700.00 were made toward the purchase of said lot. (Government's Exhibit 5.)

(3) Three of the payments were made in the name of Vicki Lynn Dennis, Little's girlfriend, and one was made in the name of his father, Aaron P. Little. (Government's Exhibit 5.)

(4) Little requested that the property be deeded in the name of another individual.

(5) On January 10, 1986, Little and others were arrested at Little's residence located at 201 Mellow Drive, Charlotte, North Carolina, when officers of the Charlotte Police Department executed a search warrant on that residence. (Government Witness J.E. Sorrow.)

(6) The officers recovered approximately one pound of cocaine, approximately $90,000.00, United States currency, and records pertaining to drug transactions from the Little residence indicating transactions totaling over $250,000.00. (Government Witness Sorrow.)

(7) On March 14, 1986, the purchase agreement to buy the property in Clear Creek Estates was changed from Little's name to that of Harold Phillip Robinson. (Government's Exhibit 2.)

(8) A.B.S. records show no evidence of any financial transactions between Robinson and Little or between Robinson and A.B.S.

(9) On April 11, 1986, Little pled guilty to possession with intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and was sentenced to ten years imprisonment, plus a three-year mandatory special parole term. (Government's Exhibit 11.)

(10) Defendant property was deeded to Robinson from Clear Creek Estates, a subdivision of A.B.S., at Deed Book 5218, Page 0325 in the Office of the Register of Deeds, Mecklenburg County, North Carolina, on May 6, 1986. (Government's Exhibit 4.)

(11) On August 22, 1986, a Complaint for Forfeiture in Rem was filed against defendant property, and a Warrant for Arrest in Rem was issued by the Clerk of Court's Office and the property was seized by the United States Marshal's Service (USMS) on August 28, 1986.

(12) An Indemnity Agreement was executed by the USMS and Little's girlfriend, Vicki Dennis, who resides at the defendant property. (Government's Exhibit 8.)

(13) On September 10, 1986, Robinson filed a Claim in Response to Complaint for Forfeiture in Rem, which was followed by his answer on September 29, 1986.

(14) On September 10, 17, and 24, 1986, a Public Notice of Action and Seizure of Property was published in *The Charlotte Observer.* No other claims have been filed.

(15) On March 2, 1987, Michael Little and others were indicted in action number C–CR–87–19 for violations of the drug laws from on or about May 1985 to on or about April 29, 1986.

(16) The claimant was married to Theresa Klutz Robinson for five years. They lived at 3636 Durham Lane, Charlotte, North Carolina since 1985 (Testimony Theresa Robinson).

(17) The claimant had the nickname "Spike", according to his wife's testimony.

(18) When the law enforcement officers searched Michael Little's premises at 201 Mellow Drive, in addition to the currency, cocaine, and records pertaining to drug transactions, there was found a notebook in which the name "Spike" appeared on four pages with the figure "1900" written beneath it. (J.E. Sorrow and Government's Exhibit 10.)

There was also found at Michael Little's residence an address book which contained the name "Spike" and a Telephone No. (704) 596–0027 next to the name. (J.E. Sorrow and Government's Exhibit 9.)

(19) Defendant's telephone number at 3636 Durham Lane from June 1985 until at least December 1985 was (704) 596–0027. (Government's Exhibit 7.)

(20) The claimant purchased cocaine from Michael Little fifteen to twenty times in ounces and quarter pound lots at Mellow Drive. (Testimony of Darrell Hodge).

(21) R.B. Kaiser, State Bureau of Investigation, testified that he met with claimant several times, that claimant thought Kaiser was a chemist, that claimant wanted to know what chemicals were needed for manufacture of synthetic heroin and other controlled substances, that he (the claimant) had a buyer in New Jersey to buy the entire amount of the product manufactured. (R.B. Kaiser Testimony.)

(22) From the evidence introduced by the government, it is clear and the Court finds as a fact that there is probable cause to believe the Defendant property is proceeds traceable to an exchange for a controlled substance and that the claimant Robinson is not an "innocent owner" of the property, and was aware that the property had been purchased with the proceeds from illegal transactions.

## CONCLUSIONS OF LAW

(1) Title 21, Section 881 provides in pertinent part:

(a) the following shall be subject to forfeiture to the United States and no property right shall exist in them:

(6) All ... things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange ... except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

(2) The burden of the United States in a forfeiture action under Section 881 is to establish probable cause for belief that a substantial connection exists between the property forfeited and the criminal activity defined by statute. *Boas v. Smith*, 786 F.2d 605, 609 (4th Cir.1986); *United States v. Four Million, Two Hundred Fifty–Five Thousand*, 762 F.3d 895, 903 (11th Cir. 1985), *cert. denied* 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986).

(3) "Probable cause" is a reasonable cause, having more evidence for than against.

(4) There is more than enough evidence to substantiate probable cause that the subject property is the proceeds of sale of controlled substances.

(5) If the evidence leads to a reasonable belief that the record owner of property is aware that the property is the proceeds of controlled substance transactions, then it follows that the record owner is not an innocent owner. *United States v. Four Million, Two Hundred Fifty–Five Thousand, supra*, at 906.

(6) The evidence before the Court, as pointed out in the Findings of Fact, supports the Government's contention that the claimant, Harold P. Robinson, was well aware that the subject property was proceeds of controlled substance transactions in violation of Title 21, Section 881 of the United States Code, and therefore was not an innocent owner.

## CONCLUSION

Defendant property is forfeitable to the United States of America. A Judgment will be filed simultaneously with this Memorandum of Decision.

## JUDGMENT

In accordance with the Memorandum of Decision in this matter filed simultaneously with this Judgment,

IT IS ORDERED, ADJUDGED, AND DECREED:

(1) The property described in Deed Book 5218, page 0325, Mecklenburg County Public Registry, is forfeited to the United States of America under the provisions of Title 21, United States Code, Section 881, and under the Supplemental Rules of Admiralty and Maritime Practice.

(2) This Judgment, or an exemplified copy, shall be recorded in the office of the Register of Deeds for Mecklenburg County, North Carolina.

(3) The Register of Deeds for Mecklenburg County shall index this Judgment in the Grantor Index under the name of Harold Phillip Robinson, and shall also cause an entry referencing the Book and Page where this Judgment is recorded to be made on the Grantee Index next to the name of Harold Phillip Robinson, where Robinson's name appears for the Deed recorded in Deed Book 5218, Page 0235.

(4) The costs of this action, including reasonable attorney's fees, shall be assessed against the property.